IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: ) | Case No. 15-57370 |
| ) | Chapter 11 |
| CRAIG SHERMAN MILLER and ) | Judge Thomas J. Tucker |
| BRENDA JOYCE MILLER, ) | |
| ) | |
| Debtors. ) | |
| _____) | |

**UNITED STATE'S OBJECTION TO CONFIRMATION OF FIRST AMENEDED COMBINED PLAN OF REORGNIZATION AND DISCLOSURE STATEMENT**

The United States of America, by its undersigned counsel, on behalf of the Internal Revenue Service (IRS), objects to the confirmation of Debtors' First Amended Combined Plan of Reorganization and Disclosure Statement ("Plan") as follows:

1. Debtors filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code on November 30, 2015, and filed the chapter 13 plan on December 14, 2015.

2. The IRS timely filed an Amended Proof of Claim on February 2, 2016. The Proof of Claim is in the amount of $108,816.48, and consists of a secured claim of $100,963.00, a priority claim of $6,159.37 and general unsecured claim of $1,694.11.

3. The Court converted the chapter 13 case to a chapter 11 case on August 3, 2016 upon Debtors' motion.

4. On October 28, 2016, Debtors filed their First Amended Combined Plan and Disclosure Statement ("Plan").

5. Debtors' Plan classifies secured creditors into six voting classes. All voting class creditors except the Internal Revenue Service and Michigan Department of Treasury will receive an equal monthly payment for 5 years, which will pay those creditors in full upon completion of the Plan. *See* Plan, Article III. For the IRS's secured claim of $100,963.00, the Internal Revenue Service will receive only $250 per month for 59 months and "[a]t the end of 59 months, the IRS will receive a lump sum that will satisfy the secured claim and lien in its entirety." *Id.*

6. The United States objects to such Plan treatment because it discriminates unfairly against the IRS and the State of Michigan and in favor of all other secured creditors.

    a. Under 11 U.S.C. § 1129(b)(2), one of the requirements for confirmation of chapter 11 plan on a "cramdown" basis if the plan "does not discriminate unfairly." In determining whether a plan discriminates unfairly, this Court applied the test adopted in *In re Dow Corning Corp.*, 244 B.R. 696, 702 (Bankr. E.D. Mich. 1999). Under this test,

> a rebuttable presumption of unfair discrimination would arise where: there is: (1) a dissenting class; (2) another class of the same priority; and (3) a difference in the plan's treatment of the two classes that results in either (a) a materially lower percentage recovery for the dissenting class (measured in terms of the net present value of all payments), or (b) regardless of percentage recovery, an allocation under the plan of materially greater risk to the dissenting class in connection with its proposed distribution.

*In re BWP Transp. Inc.*, 462 B.R. 225, 231 (Bankr. E.D. Mich. 2011) (internal quotations omitted). The United States clearly meets the first element because it is a dissenting class.

      b.     The United States also meets the second element – Class I, IV, V, VI voting class claims are all of the "same priority" as the United States' Class II voting class claim, within the meaning of the *Dow Corning* standard. For purposes of the "unfair discrimination" test, the inquiry of "same priority" focuses on "discrimination among categories of creditors who hold similar legal claims against the debtor, *i.e.*, 'Administrative Claims,' 'Secured Claims,' 'Priority Claims,' etc." *In re BWP Transp. Inc.,* 462 B.R. at 232 (internal quotations omitted). The United States and other secured creditors are all of the same priority because they are all holders of secured claims and furthermore, the United States shares the same collateral, the real property located at 36051 Castlemeadow Drive, with most of the secured creditors, *i.e.*, Class I creditor (SP Capital, LLC), Class IV creditor (Oakland County Treasurer), Class V creditor (Water Resources Commissioner).

c. The third element is also met. The Plan allocates materially greater risk to the United States (and Michigan). By proposing fully paying off all other secured creditors with equal monthly payment without being subject to the risk of a balloon payment, the Plan leaves the United States (and Michigan) to bear the significant risk of default or Debtors' ability to successfully financing balloon payments in the 60th month of the Plan. If Debtors were to default during any time prior to the 60th month, the United States would likely end up receiving payment of a lower percentage of its secured claim than the Class I, IV, V, and VI creditors. Moreover, in five years, the IRS taxes and state taxes will continue accruing interest and penalties, when Debtors' ability to maintain their current level of income diminishes and other expenses (primarily medical expenses) will continue to rise as Debtors reach or pass their retirement ages. It is uncertain that at the end of the five year period, Debtors would even have enough equity to finance big balloon payments to both the IRS and the State.

d. Because all three elements are met, the presumption of unfair discrimination arises. Debtors cannot rebut such presumption by "showing that such allocation is consistent with the risk assumed by parties before the bankruptcy." *Id.* In particular, as compared to Class V and VI creditors, the United States is allocated a greater risk than the risk it bore before the bankruptcy. Class V creditor Water Resources Commissioner holds a lien junior to the IRS's

federal tax liens pre-bankruptcy. Yet under the Plan, the United States now bears a greater risk by receiving a monthly payment in a *deminis* amount and being subjected to the risk of a big balloon payment, while Water Resource Commissioner bears less risk by receiving an equal monthly payment, which will pay off its secured claim in 60 months without a balloon payment. Class VI creditor Michigan First Credit Union has a claim of $20,089.15 secured by a vehicle with a market value of $10,974.00. Michigan First Credit Union will receive a monthly payment of $414.49 for 60 months, or $24,869.40 in total, which will fully pay the claim of $20,089.15 at an interest rate of 8.74%. Under the Plan, the United States again bears a greater risk by receiving a monthly payment in a *deminis* amount and being subjected to the risk of a big balloon payment, while Michigan First Credit Union bears less risk by receiving an equal monthly payment, which not only will pay off its secured claim in 60 months without a balloon payment, but also will pay off the unsecured portion of its claim.

       7.      The United States also objects to the Plan on the ground that the Plan does not provide sufficient remedy in the event of a default. The Plan should specifically provide that, upon a default under the Plan, the administrative collection powers and the rights of the IRS will be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the filing of a

5

15-57370-tjt    Doc 107    Filed 12/05/16    Entered 12/05/16 11:06:11    Page 5 of 7

Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Internal Revenue Code.

        8.     Finally, the United States objects to the Plan on the feasibility basis. In order to obtain confirmation of a chapter 11 plan, a plan proponent must demonstrate by a preponderance of the evidence that confirmation of the debtor's plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. 11 U.S.C. § 1129(a)(11); *In re Griswold Bldg., LLC*, 420 B.R. 666, 697 (Bankr. E.D. Mich. 2009) (internal quotations omitted). Debtors have made only a bare assertion about the Plan's feasibility and have not put forth evidence to carry their burden. They have not proposed a specific refinancing date, have not provided any verifiable documentation regarding the projected value of the property at issue, have failed to demonstrate that the necessary proceeds are actually obtainable at some unspecified date in the future, and have not set forth a contingency plan should Debtors fail to obtain financing to make the balloon payments.

WHEREFORE, the United States respectfully requests that this Court deny confirmation of Debtors' Plan for the foregoing reasons and grant such further relief as is deemed just and appropriate.

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Pingping Zhang*
PINGPING ZHANG (NY)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Tel: 202-305-2165
Fax: 202-514-5238
Email: Pingping.Zhang@usdoj.gov