UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

| | |
|---|---|
| **CRAIG SHERMAN MILLER** | **CASE NO:** 15-57370 |
| **BRENDA JOYCE MILLER** | **CHAPTER:** 11 |
| | **JUDGE:** THOMAS J. TUCKER |
| _____Debtor(s)_____/ | |

**STIPULATION FOR APPROVAL AND ENTRY OF ORDER CONFIRMING DEBTORS' FIRST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

**THE UNDERSIGNED** parties hereby consent to entry of the attached Order Confirming Debtors' First Amended Combined Plan of Reorganization and Disclosure Statement, attached as Exhibit A.

Respectfully submitted:

/s/C. Jason Cardasis
C. Jason Cardasis (P54930)
Attorney for Debtors
24100 Woodward Avenue
Pleasant Ridge, MI 48069
248-584-2100
jasoncardasis@boclaw.com

Approved as to form/Objections Waived:

| | |
|---|---|
| /s/Ronna G. Jackson (with consent) | /s/Kevin Erskine (with consent) |
| United States Trustee | Kevin Erskine (P69120) |
| By: Ronna G. Jackson | United State of America |
| Assistant Attorney | Office of the Department of Justice |
| 211 W. Fort Street, Ste. 700 | 211 W. Fort Street |
| Detroit, MI 48226 | Detroit, MI 48226 |
| 313-226-7999 | 313-226-9610 |
| | Kevin.Erskine@usdoj.com |

/s/Moe Freedman (with consent)
Moe Freedman (P74224)
Assistant Attorney General
Revenue and Collections Division
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
313-456-0044
FreedmanM1@michigan.gov

1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN RE:

| | |
|---|---|
| **CRAIG SHERMAN MILLER** | **CASE NO:** 15-57370 |
| **BRENDA JOYCE MILLER** | **CHAPTER:** 11 |
| | **JUDGE:** THOMAS J. TUCKER |
| _____ Debtor(s) _____ / | |

**ORDER CONFIRMING DEBTORS' FIRST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

The Debtors' First Amended Plan of Reorganization and Disclosure Statement Under Chapter 11 of the United State Bankruptcy Code filed by the Debtors, Craig S. Miller and Brenda J. Miller [DOCKET NO. 98] and the Court having granted preliminary approval on October 31, 2016 [DOCKET NO. 99], a copy of said Amended Plan and Disclosure Statement having been served to the holders of claims of interest, and it having been determined after such notice and a hearing that:

1. All requirements, as set forth in 11 U.S.C. §1129, *et. Seq.*, for confirmation of Debtors' First Amended Chapter 11 Plan and Disclosure Statement have been met.

**IT IS ORDERED:**

1. The First Amended Plan of Reorganization and Combined Disclosure statement filed by Debtor on October 28, 2016, as amended by this Order and set forth herein, is **CONFIRMED**.

2. The Debtor shall pay to the United States Trustee quarterly fees in the amount of $650 under 28 U.S.C. Section 1930(a)(6) by no later than the Effective Date.

3. In the event of a post-confirmation conversion of this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtors, Debtors-In-Possession, Successors to the Debtor or Reorganized Debtors, including all property which will reinvest in the Reorganized Debtors pursuant to Confirmation of the Plan, and all property acquired by the Reorganized Debtors subsequent to the Plan Confirmation shall be property of the Chapter 7 estate.

4. Upon entry of this Order, the Debtors shall file monthly Post-Confirmation Disbursement Reports and shall continue to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) until this case has been closed by the Court or dismissed or converted to a Chapter 7 case. The Reorganized Debtors and any Successors to the Debtors will be jointly and severally liable for the payment of all quarterly fees due after the Effective Date, including all fees payable in the event that the case is reopened after it has been closed, converted, or dismissed. Fees due the United States Trustee as charges assessed against the estate under chapter 123 of Title 28 are not expenses of administration but are entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

5. All professionals employed in this case shall file their final fee applications within 30 days of the Effective Date.

6. The Debtors' First Amended Plan and Disclosure Statement is confirmed subject to the following modifications, to wit:

   a. GROUP II-Non-Voting Class *(Modifying Article II, Part B of the First Amended Plan and Disclosure Statement).* **INTERNAL REVENUE SERVICE ("IRS" or the "Service") AND MICHIGAN DEPT. OF TREASURY-** (i) The Claimants of this Group shall receive on account of such

Priority Claim deferred equal monthly cash payments over a period not exceeding five (5) years from the date of the petition, of a value as of the Effective Date of the Plan equal to the allowed amount of such Priority Claims plus applicable interest; (ii) Payments to this Group shall begin thirty (30) days after the Effective Date. Further, upon failure of the Debtor to make any payment due on any claim of the Michigan Dept. of the Treasury, Michigan Department of Treasury may file a serve upon Debtors and Debtors' counsel Notice of such default. Failure of the Debtor to cure any Noticed Default within 45 days of service of such Notice will entitle the Service to file an Affidavit of Non-Compliance and an Order Vacating the Automatic Stay to the Court and the Automatic Stay shall thereafter be lifted as to the Michigan Dept. of Treasury without further notice or hearing.

As it relates to the Michigan Department of Treasury, it shall have a priority claim in the amount of $10,608.93 at 4.4% interest payable 30 days after the effective date; with monthly payments of $197.30.

b. Class II—voting class. *(Modifying Article III, Class II of the First Amended Plan and Disclosure Statement).* Internal Revenue Service. Class II shall consist of the allowed third priority Secured Claim of the Internal Revenue Service, as it relates to the Debtors' residential property located at 36051 Castlemeadow Drive, Farmington Hills, MI 48335. The claim is allowed as filed and no part of the aggregate secured claim is otherwise unsecured and claimant shall not be entitled to an unsecured deficiency claim. As of the Petition Date, IRS asserts that the unpaid balance due to the IRS from the Debtors as to its secured claim is approximately $100,963.00 with respect to Debtors, secured by a

tax lien, for tax years ending 2009 and 2010, notice of which lien was recorded on December 30, 2014. The real property value is estimated to be $219,000.00 for the purposes of this Plan.

Commencing on the March 15, 2017, Debtors shall make monthly payments in the amount of $350.00 for 42 months (*i.e.* through September 15, 2020). In addition to the monthly payments, Debtors shall make a "Periodic Supplemental Payment" of $2,400.00 to the IRS every six months after March 15, 2017 (*i.e.* September 15 and March 15 of each calendar year). On or before September 15, 2020, Debtors shall pay the IRS a "Final Lump Sum Payment" that will satisfy the secured claim and lien in its entirety.

The IRS' liens shall remain in effect until Debtors receive a discharge in this case, and the lien shall be discharged as to the real property only if Debtors receive a bankruptcy discharge after all payments due under this Plan to the United States have been made. However, in order to obtain the funds necessary for Debtors to remit their Final Lump Sum Payment (described above), it is recognized that the Debtors may need to refinance their home. In that event, the IRS agrees to subordinate and or release its current liens for tax years 2009 and 2010 to the mortgage of the refinancing entity so that such financing can be secured, but such subordination and or release shall occur if- and only if- any remaining balance (whether equal to, less than, or greater than the Final Lump Sum Payment amount) on the liens is satisfied by the funds obtained through the refinancing. Once payment in full of the IRS secured claim is received, the IRS shall release its current liens for tax years 2009 and 2010 within reasonable time

and shall not withhold release of lien to hinder Debtors from refinancing their property, provided the aforementioned conditions are met.

If Debtors cannot timely make the Final Lump Sum Payment by September 15, 2020, the Debtors may exercise the option to buy a 6-month extension of the Final Lump Sum Payment with a "Extension Payment" of $5,000.00. The Extension Payment must be made, however, on or before September 15, 2020. The Extension Payment will be applied first to the IRS general unsecured claim, with the remaining to be applied to the secured claim of the IRS. If the 6-month extension option is exercised, the Final Lump Sum Payment must be made on or before March 15, 2021. Additional extensions may not be sought by the Debtors or granted by the Court. Debtors are required to make monthly payments of $350.00 at all times during this Plan, including any extension period, until the IRS has been paid in full.

Upon failure of the Debtors to make any payment on any administrative, secured, priority, or general unsecured claim of the Service that is due under this Plan and which is not cured within 30 days of the mailing of a written notice of default by the Service, the Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtors and all of debtors' after acquired property shall be property of the Chapter 7 Estate.

    c.     Class III—voting class. ***(Modifying Article II, Class III of the First Amended Plan and Disclosure Statement).*** Michigan Dept. of Treasury. Class III shall

consist of the allowed fourth priority allowed Secured Claim of the Michigan Department of Treasury ("MDT"), as it relates to the Debtors' residential property located at 36051 Castlemeadow Drive, Farmington Hills, MI 48335. As of the Petition Date, MDT assert that the unpaid balance due to the MDT from the Debtors is approximately $2,177.75 with respect to tax payer identification number xxx-xx-0851, secured by a tax lien filed on October 20, 2015 for tax years ending 2009, 2010 and 2014. The real property value is $219,000.00. The MDT shall receive payments for 59 months in the amount of $50.00 per month. The secured claim shall collect interest at 4.4% per annum. At the end of 59 months, the MDT shall receive a lump sum that will satisfy the secured claim and lien in its entirety. The MDT's lien shall remain in effect until discharge of this case and upon successful payments of the secured claim. Debtors have no other place to live, and their residence is necessary for their effective reorganization. No part of the aggregate secured claim is unsecured and claimant shall not be entitled to an unsecured deficiency claim.

d.  Class IV—voting class. *(Modifying Article III, Class IV of the First Amended Plan and Disclosure Statement).* OAKLAND COUNTY TREASURER. Class IV shall consist of the Allowed Secured Claim of the Oakland County Treasurer. Upon solicitation of the Oakland County Treasurer's acceptance of the Plan, Debtors agree as follows:

> i) Debtors shall remain current on all post-petition property tax claims and the Oakland County Treasurer may pursue any legal action related to the collection of post-petition taxes without being required to seek relief from the automatic stay or for relief from the Chapter 11 Plan or the order confirming the plan;

      ii)  The Oakland County Treasurer shall retain its lien on property until paid in full.

      ii) Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial organization of the Debtor or any successor of the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

7.    The Court grants final approval of Debtor's Disclosure Statement.